PER CURIAM.
Plaintiffs appeal an adverse summary judgment in this action to enjoin infringement and unfair competitive use of a trade name.
In 1970 plaintiff, Myron Weiner, commenced his jewelry business in Coconut Grove, Florida under the name of OM Jewelry & Leather Shop, Inc., which corporate name was changed to OM Industries, Inc. In 1973 Weiner also organized OM Jewelry Manufacturing, Inc. Defendant, Jerome Weisberg, is an exporter/importer, manufacturer, retailer and wholesaler of jewelry, fabrics and fine handicraft and in 1974 opened a place of business within two blocks of Weiner’s shop under the name of OM Shalom Trading Store. In 1975 Myron Weiner, OM Industries, Inc. and OM Jewelry Manufacturing Co. filed a complaint against Jerome Weisberg for trade name infringement and unfair competition and prayed for injunctive relief. Plaintiffs alleged that they had consciously employed the name “OM” as a trade name, which had become generally known in South Florida and other areas of the United States; that the word “OM” was of substantial value to the plaintiffs, and large sums of money had been spent in advertising and promoting the sale of merchandise bearing the word “OM”; that Weisberg’s use of the word “OM” was detrimental to plaintiffs and causing confusion to the public. Weisberg answered denying the material allegations of the complaint. Following pretrial discovery both parties filed motions for summary judgment and the trial court granted summary judgment for Weisberg. Plaintiffs appeal. We affirm.
A generic term such as “OM” is not ordinarily susceptible of exclusive appropriation by an individual as a trade name except where by usage the term acquires a secondary or special meaning as *537 indicating or identifying the goods or business of the user as distinguished from its common or general meaning; in such cases, the user is entitled to protection against subsequent unfair use of such terms by another. Williamson v. Answer Phone of Jacksonville, Inc., 118 So.2d 248 (Fla.1st DCA 1960). In an action to enjoin the infringement or unfair competitive use of a trade name, customer confusion is the gist of the actionable wrong and to invoke equitable relief, the plaintiff must show that there is competition. Stagg Shop of Miami, Inc. v. Moss, 120 So.2d 39 (Fla.2d DCA 1960); Tampa Wholesale Co. v. Foodtown, U.S.A., Inc., 166 So.2d 711 (Fla.2d DCA 1964). A review of the record fails to show the requisite competition and customer confusion. Myron Weiner in his deposition testified that for the most part his merchandise is different from Weisberg’s; that on several occasions his customers mistakenly went to Weisberg’s store, but were directed to his store by Weisberg and vice versa. In addition, plaintiffs have failed to present testimony of any of their customers with regards to the alleged confusion experienced with the name of the businesses. Thus, we find the trial judge was correct in granting summary judgment for Weisberg.
Affirmed.